1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL WOODS,

              Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

              Defendant.

CASE NO. C10-117RSM

ORDER ON MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS OR PARTIAL
SUMMARY JUDGMENT

      This matter is before the Court for consideration of defendants' motion for partial

judgment on the pleadings or, in the alternative, for partial summary judgment.  Dkt. # 20.

Plaintiff has opposed the motion in part, but concedes that some causes of action asserted are

subject to dismissal.   For the reasons set forth below, defendants' motion shall be granted in part

and denied in part.

BACKGROUND

Plaintiff Carl Woods has been employed as a painter by the University Washington since 1991 and as a Lead Painter since 1999.   He filed this complaint for racial discrimination in employment pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§1981");  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD").[1]   The complaint is based on allegations that plaintiff has been subjected to discriminatory behavior since 1999.[2] Under each statute, he asserts a separate cause of action for racial discrimination, hostile work environment, and retaliation.  He names as defendants the State of Washington, the University of Washington, and three individuals, Richard Cheney, Allen Frankenhauser, and Brian Schliemann.[3]  Apart from his claim of retaliation under § 1981, which is asserted against the three individual defendants, plaintiff has not limited his causes of action as to specific defendants.

Defendants have filed this motion pursuant to F.R.Civ.P. 12(c) to narrow the issues in this case by dismissal of untenable causes of action.  As matters outside the pleadings have been presented by both parties, the motion is deemed converted to a motion for partial summary judgment on these issues.  Fed.R.Civ.P. 12(d).  Plaintiff has had a full opportunity to respond and has in fact filed documents in opposition to the motion.

---

[1] Plaintiff does not identify his race anywhere in the complaint, other than to include himself among the group of "employees of color" about whom "white employees" allegedly made derogatory and discriminatory comments.  Complaint, Dkt. # 1, ¶ 5.3.

[2] Plaintiff filed suit against the University of Washington in 2006.  The matter was settled by agreement.  Dkt. # 24.

[3] Defendants' moving papers use the spelling "Schlieman" for this defendant.  The Court shall use the spelling that appears in the caption, the complaint, and the answer.

DISCUSSION

I.  Summary Judgment Standard

Summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2).[4]  An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

II.  Analysis

A.  Liability for pre-March 1, 2006 Events

Plaintiff's complaint contains allegations of discrimination going back to 1999. Defendants contend that they cannot be held liable for any acts or events prior to March 1, 2006 because of a settlement agreement reached by the parties in a prior lawsuit.  It is undisputed that plaintiff filed a discrimination lawsuit against the University of Washington and several individuals in 2006, and the action was dismissed with prejudice after plaintiff and the University of Washington signed a settlement agreement and release.  However, plaintiff now argues that the settlement agreement was ambiguous as to the release of all claims, pointing to language in paragraph 1 of the settlement agreement stating that "signing this Settlement Agreement and Release does not mean that either Carl Woods or the University admits any wrongdoing or liability, or abandons any contentions regarding this dispute."  Settlement

---

[4] Rule 56 was amended December 1, 2010.  As this motion was noted and ready for consideration before that date, the former Rule 56 shall be applied.

ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR PARTIAL SUMMARY JUDGMENT - 3

1   Agreement, Dkt. # 24, ¶ 1.  Plaintiff contends that because he did not "abandon" his contentions,

2   he may re-assert them now in another lawsuit.   This is incorrect.

3          The language of the settlement agreement and release is clear and unequivocal in

4   releasing all of plaintiff's claims against the University of Washington up to the date it was

5   signed.   In exchange for payment of compensatory damages and other actions set forth in the

6   agreement, plaintiff agreed to "seek, obtain, and be bound by a dismissal with prejudice" of the

7   2006 action.  *Id.*, ¶ 3.  The agreement further stated that "[t]his means that once this action is

8   withdrawn, it cannot under any circumstances be re-filed."  *Id.*   In case there was any doubt in

9   plaintiff's mind as to the reach of the release, the following paragraphs state,

10          Carl Woods agrees that all claims, demands, rights, causes of action and administrative
            remedies that Carl Woods has or may have against the University, its successors and
11          assigns, and each and every one of its past or present employees, students, agents,
            attorneys, representatives, or indemnitees, in their individual or official capacities are
12          satisfied, discharged and settled.  By signing this agreement Carl Woods is confirming
            that except for the claims described in "Statement of Dispute" he has not filed any
13          complaint, appeal or other claim which is waived in this paragraph with any agency or
            court.  Carl Woods further agrees that he will never do so.
14
            Carl Woods hereby completely releases the University, its successors and assigns, and
15          each and every one of its past or present employees, students, agents, attorneys, or
            representatives or indemnitees, in their individual or official capacities, from any and
16          all liability that they may have relating to Carl Woods' employment with the University,
            and/or to the claims described in this Agreement.
17
            The University agrees that all claims and demands that the University has or may have
18          against Carl Woods with respect to the above-described dispute are satisfied, discharged,
            and settled.
19
20   *Id.*, ¶¶ 5, 6, 7.  The settlement agreement was signed by both plaintiff and his attorney (who

21   represents him in this action as well).  *Id.*, p. 3.  Pursuant to this agreement, the state court action

22   was dismissed with prejudice on March 3, 2006.  Declaration of Sevilla Claydon, Dkt. # 21,

23   Exhibit C.

24

ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR PARTIAL SUMMARY
JUDGMENT - 4

The settlement agreement and the dismissal with prejudice of plaintiff's lawsuit are dispositive of all claims that plaintiff alleged or could have alleged against the University of Washington or its employees for events or acts that occurred before March 1, 2006.  Pursuant to the agreement, plaintiff may not assert or allege any claims based on pre-March 1, 2006 events, or use them as context for his later-arising claims.[5]  Defendants' motion for partial summary judgment on this issue shall accordingly be granted.

B.  Eleventh Amendment Immunity from Suit under § 1981

Plaintiff has asserted his discrimination and hostile environment claims under § 1981 against all defendants, including the State of Washington, the University of Washington, and the individual defendants in their official capacities.  Defendants contend that such claims are barred by the Eleventh Amendment.  It is well-established that because States are immune from suit in federal court under the Eleventh Amendment (absent a waiver of immunity), suits against the State or State agencies in which a judgment would be satisfied out of public funds are prohibited. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) ("[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").  The Ninth Circuit Court of Appeals has explicitly held that §1981 does not contain a cause of action against states. *Pittman v. Oregon, Employment Dept.*, 509 F.3d 1065 (9th Cir. 2007).  This ruling applies to state agencies, like the University of Washington, as well.

In responding to the motion, plaintiff concedes that he may not assert a cause of action under §1981 against the State of Washington, the University of Washington, or the individuals in

---

[5] This ruling does not prevent plaintiff from referring to the fact of the prior lawsuit and settlement as a basis for his retaliation claims.

1   their official capacities.  Plaintiff's Response, Dkt. # 46, p. 3.  Plaintiff contends, however, that

2   the individual defendants are not protected by the Eleventh Amendment immunity and thus are

3   amenable to suit under §1981 in their individual capacities.  Defendants, in turn "do not dispute

4   the fact that individuals *can* be liable under Section 1981 in their individual (but not official)

5   capacities if they are effectively 'the same as' [the] employer."  Defendants' Reply, Dkt. # 52, p.

6   9.  Defendants contend, however, that defendant Brian Schliemann cannot be held liable even in

7   his individual capacity as he is a subordinate of plaintiff, and thus has no supervisory power over

8   him, nor any contractual relationship that would serve as a basis for liability under §1981.

9        Courts have generally found that individual supervisors may be found liable for damages

10   under §1981 if they were personally involved in discriminatory conduct.  *Amin v.*

11   *Quad/Graphics* , 929 F. Supp. 73 (N.D.N.Y. 1996).  *See also Whidbee v. McDonald's Corp*., 75

12   F. Supp. 2d 183 (S.D.N.Y. 1999);  *Ghent v. Moore*, 519 F. Supp. 2d 328 (W.D. N.Y. 2007).

13   District courts of this circuit follow this rule with respect to discrimination claims under §1981

14   against supervisors who were personally involved in the alleged discrimination.  *Leland v. City*

15   *and County of San Francisco*, 576 F. Supp. 2d 1079, 1089 (N.D. Cal. 2008).  Individual liability

16   is subject to the defense of qualified immunity.  *Id*. at n. 2.

17        Defendants contend that nowhere has plaintiff cited to legal authority for imposing this

18   liability upon an employee who worked under the complainant's direction, instead of supervising

19   him.  It is undisputed that Brian Schliemann worked under plaintiff and had no supervisory

20   control or authority over him.  His behavior toward plaintiff, while it may be troubling and even

21   hurtful to plaintiff, does not subject him to personal liability under §1981.

22        Section 1981 "guarantees 'all persons' the right to 'make and enforce contracts.' "

23   *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir.2008), quoting 42

24

U.S.C. § 1981(a). "This right includes the right to the 'enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship[.]' " *Id.*, quoting 42 U.S.C. § 1981(b).  A §1981 claim "must initially identify an impaired 'contractual relationship' ... under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  It is clear that any "contractual" relationship under  §1981 is with the employer, not with other employees. While courts have found that non-employer persons such as supervisors may be individually liable under § 1981's "contractual relationship" provision for their personal actions, the Court finds no basis for extending this liability to an employee who worked under plaintiff's supervision.  Accordingly, the Court shall grant the motion for summary judgment on §1981 liability as to the State of Washington, the University of Washington, and Brian Schliemann. The motion shall be denied as to supervisors Richard Cheney and Allen Frankenhauser in their individual capacities.

C.  Liability of all Defendants under RCW 49.60

Defendants move to dismiss all claims asserted under the Washington Law Against Discrimination, RCW 49.60 *et seq.* on the basis of sovereign immunity.  Plaintiff agrees to dismissal of the state law claims against the State of Washington and the University of Washington without prejudice, but contends that sovereign immunity does not apply to the individual defendants.  Plaintiff's Response, Dkt. # 46, p. 4.   He argues that the individual defendants are liable under RCW 49.60.210.  *Id.*, p. 18.

The complaint invokes RCW 49.60.180 as the basis for plaintiff's race discrimination and hostile work environment claims.  Complaint, Dkt. # 1, ¶¶ 12.2, 13.3.  RCW 49.60.180 provides that it is an unfair practice for any "employer" to  discriminate against any person in the terms of employment because of race.  RCW 49.60.180(3). As defined by the statute, an "employer" is

"any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons[.]" RCW 49.60.040(3).  Washington courts have held that managers and supervisors may be personally held liable under RCW 49.60.180.  *Brown v. Scott Paper Worldwide Co.*, 98 Wash.App. 349, 989 P.2d 1187 (1999).  The Court finds no legal basis for excepting the two supervisors, sued in their individual capacities, from this rule because of sovereign immunity.  However, the rule applies to managers and supervisors and not co-workers or lower employees, and therefore does not apply to Brian Schliemann.

Plaintiff invokes RCW 49.60.210 as a basis for his retaliation claims.  Complaint, Dkt. # 1, ¶ 14.3.  This statute provides, in relevant part, that

> It is an unfair practice for any employer, employment agency, labor union, or other person to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.

RCW 49.60.210(1).  Washington courts have explained that the "other person" language may include managers, but not co-workers.  *Malo v. Alaska Trawl fisheries, Inc.*, 92 Wash. App. 927, 930-31, 965 P. 21d 1124 (1998) ("The section, read as a whole, is directed at entities functionally similar to employers who discriminate by engaging in conduct similar to discharging or expelling a person who has opposed practices forbidden by RCW 49.60.").  Accordingly, the retaliation claim may not be asserted against Brian Schliemann.

The Court shall grant defendants' motion to dismiss the claims under RCW 49.60 against the State of Washington and the University of Washington without prejudice to re-filing in state court.  The Court shall also grant the motion to dismiss all claims under RCW 49.60 against Brian Schliemann.  The motion shall be denied as to defendants Richard Cheney and Allen Frankenhauser in their individual capacities.

1    D.  Liability of Individuals under Title VII

2         Finally, defendants contend that named individual defendants are not subject to suit under

3    Title VII.  Plaintiff, in response, asserts that he "has never contended that individual liability

4    against any defendant lies under Title VII,"  despite the fact that the complaint asserts these

5    claims against "defendants" without limitation.  Plaintiff's response, however, makes it clear that

6    Title VII claims against these individual defendant should be dismissed, and the Court shall grant

7    defendants' motion.

8

9                                    CONCLUSION

10        Defendants' motion for judgment on the pleadings or, in the alternative, for partial

11   summary judgment (Dkt. # 20) is GRANTED IN PART and DENIED IN PART as follows:

12        1.  All claims based on events or actions of defendants prior to March 1, 2006 are barred

13   by the Settlement Agreement and are DISMISSED;

14        2.  Plaintiffs' §1981 claims against the State of Washington, the University of

15   Washington,  Brian Schliemann in his official and individual capacities, and Richard Cheney and

16   Allen Frankenhauser in their official capacities are DISMISSED;

17        3.  Plaintiff's claims under RCW 49.60 against the State of Washington, the University of

18   Washington, and Brian Schliemann are DISMISSED.  As to the State of Washington and

19   University of Washington only, this dismissal is WITHOUT PREJUDICE;  and

20        4.  Plaintiff's Title VII claims against the individual defendants are DISMISSED.

21        As to the above claims, defendants' motion is GRANTED.

22        As to the following claims, defendants' motion is DENIED, and these claims remain

23   pending for further proceedings:

24

ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR PARTIAL SUMMARY
JUDGMENT - 9

1      1.  Plaintiff's claims under 42 U.S.C. §1981 against defendants Richard Cheney and

2    Allen Frankenhauser in their individual capacities;

3      2.  Plaintiff's claims under RCW 49.60 against defendants Richard Cheney and Allen

4    Frankenhauser in their individual capacities;  and

5      3.  Plaintiff's Title VII claims against the State of Washington and the University of

6    Washington.

7

8

9      Dated January 4, 2011.

10

11

12

13

             RICARDO S. MARTINEZ

14                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR PARTIAL SUMMARY
JUDGMENT - 10